UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTINE VALENTIN ROBLES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VICTOR AGUILAR, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-07038-MEJ<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

## INTRODUCTION

Pending before the Court is Defendants Victor Aguilar, City of Sebastopol, and Jeffrey Weaver (together, "Defendants")'s Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Plaintiff Justine Robles filed an Opposition (Dkt. No. 15) and Defendants filed a Reply (Dkt. No. 16). The Court finds this matter suitable for disposition without oral argument and **VACATES** the March 30, 2017 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **GRANTS IN PART** Defendant's Motion for the following reasons.

## BACKGROUND

On November 20, 2015, Defendant Aguilar stopped Plaintiff for an alleged traffic violation and performed field sobriety tests. Compl. ¶ 13, Dkt. No. 1. Following the sobriety tests, Defendant Aguilar took Plaintiff into custody and transported her to the Sebastopol Police Department. *Id*. ¶ 13. Plaintiff declined to submit to a further breath or blood test at that point. *Id*. ¶ 14. After Defendant Aguilar refused to answer Plaintiff's questions regarding the earlier tests, she became frustrated, and stood up from the stool upon which she had been seated; she was handcuffed, with her hands secured behind her back. *Id*. Defendant Aguilar physically grabbed Plaintiff by the arm, yelled at her, and attempted to force her back onto the stool. *Id*. at ¶ 15.

1   When Plaintiff did not sit back onto the stool, Defendant Aguilar kicked Plaintiff's legs out from
2   under her; Plaintiff could not break her fall because her hands were cuffed behind her back, so she
3   fell onto the concrete floor. *Id.* Defendant Aguilar forced Plaintiff to the ground and thrust her
4   head into the concrete floor and adjacent wall; he climbed on top of her, grabbed her by the neck,
5   and rolled her onto her back. *Id.* ¶ 16. He continued to grab her by the throat, rolled her onto her
6   side, and again slammed her head, this time into a metal door jamb. *Id.* Although Plaintiff was
7   visibly injured and still handcuffed, Defendant Aguilar continued to hold her down on the ground
8   for fifteen minutes before allowing her to be treated. *Id.* Plaintiff alleges "[t]he entire incident is
9   captured on video." *Id.* ¶ 17.

10   Based on these allegations, Plaintiff claims Defendant Aguilar used excessive force while
11   Plaintiff was held at the Sebastopol Police Department. She asserts a 42 U.S.C. § 1983 claim
12   against Aguilar based on violations of the Fourth, Fifth, and Fourteenth Amendments. She also
13   asserts a *Monell* claim against Defendants Weaver and the City. Finally, she asserts state law
14   claims for negligence, negligent hiring and supervision, violation of the Bane Act, assault and
15   battery, and intentional infliction of emotional distress ("IIED") against all Defendants.

16   Defendants move to dismiss all claims, primarily based on a videotape of the incident.

### LEGAL STANDARD

18   Rule 8(a) requires that a complaint contain a "short and plain statement of the claim
19   showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore
20   provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl.*
21   *Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

22   A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough
23   facts to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial
24   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
25   inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,
26   678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for
27   more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550
28   U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

1  detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to
2  relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a
3  cause of action will not do. Factual allegations must be enough to raise a right to relief above the
4  speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

5  In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as
6  true and construe them in the light most favorable to the plaintiff. *Id.* at 550; *Erickson v. Pardus*,
7  551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). In
8  addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v.*
9  *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

10  If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no
11  request to amend the pleading was made, unless it determines that the pleading could not possibly
12  be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en
13  banc) (internal quotations and citations omitted). However, the Court may deny leave to amend
14  for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the
15  movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice
16  to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."
17  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v.*
18  *Davis*, 371 U.S. 178, 182 (1962)).

## DISCUSSION

A. **The Court Will Not Consider the Video on a Motion to Dismiss**

21  Defendants ask the Court to consider a videotape of the incident, which they contend will
22  prove Plaintiff cannot state a claim. Defendants essentially offer the videotape to attack the truth
23  of Plaintiff's allegations. They contend the Court may consider the video because Plaintiff
24  referenced it in her Complaint by alleging "[t]he entire incident is captured on video." Mot. at 2;
25  *see* Compl. ¶ 17. Although Plaintiff does reference the existence of the video, the Court does not
26  find this allegation incorporates the footage by reference or that the footage is central to her
27  Complaint; nor does Plaintiff rely upon the footage to state her claims.

28  Moreover, Defendants do not identify a single case where a court has agreed to review a

United States District Court
Northern District of California

videotape when deciding a motion to dismiss an excessive force claim. *See id*. at 2-4. The Court will not consider the video recording on this Motion to Dismiss, especially where Plaintiff has neither attached the video to the Complaint nor relied upon it to state a claim. *Cf. Gersbacher v. City of N.Y.*, 134 F. Supp. 3d 711, 718-20 (S.D.N.Y. 2015) ("[W]here courts have considered video evidence in conjunction with 12(b)(6) motions, the video has either been offered by the plaintiff as part of its pleadings or the plaintiff has incorporated the video by reference after the defendant introduced the video."); *Crutchfield v. Nash*, 2015 WL 1268162, at *1 n.2 (W.D. Va. Mar. 19, 2015) (considering dash-cam video on motion to dismiss where plaintiff attached video to complaint, and defendant authenticated it); *Garrett v. Crawford*, 2016 WL 843391, at *9 (W.D. Tex. Mar. 1, 2016) (examining dash cam footage of incident "would be inappropriate . . . when considering a motion to dismiss" excessive force claim).

The footage may present a compelling defense at a later stage in the proceedings, but it cannot be considered to evaluate the sufficiency of Plaintiff's claims on a motion to dismiss.

**B.     Defendant Aguilar**

To state a Section 1983 claim, Plaintiff must allege that a person acting under color of state law violated a right secured by the Constitution or law of the United States. *See West v. Adkins*, 487 U.S. 42, 48 (1988). Taking as true the well-pleaded allegations of the Complaint, Plaintiff states an excessive force claim against Defendant Aguilar. She alleges he used excessive force while she was detained at the police station by knocking her to the hard ground while she was handcuffed and posing no threat, slamming her head against the wall and floor, and keeping her on the floor for fifteen minutes despite her obvious injuries. She contends these actions violated her rights under the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution. Finally, she alleges Defendant Aguilar was a police officer acting under color of state law. These allegations are sufficient to state an excessive force claim under Section 1983.

Defendants argue qualified immunity bars Plaintiff's claim. To prevail on his qualified immunity argument, Defendant Aguilar must establish it would have been "objectively reasonable [for him] to believe that the amount of force employed was required by the situation he confronted. . . ." *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1163 (N.D. Cal. 2009)

4

(quoting *Wilkins v. City of Oakland*, 350 F.3d 949, 954 (9th Cir. 2003)).  Assuming the truth of the well-pleaded allegations of the Complaint, Plaintiff was handcuffed following a traffic stop during which she presumably failed a field sobriety test, and her only infraction at the police station was to get off the stool upon which she was seated.  Again, assuming the truth of these allegations, no reasonable officer could believe that knocking Plaintiff to the ground and slamming her head repeatedly while she was handcuffed was necessary.

Plaintiff asserts four state law claims against Aguilar: negligence, Bane Act, assault and battery, and IIED.  These claims are premised on Aguilar's excessive and intentional use of force.  For the same reasons the Court found Plaintiff sufficiently stated a Section 1983 claim against Aguilar, the Court finds Plaintiff sufficiently states common law claims against him.

The Bane Act creates a private right of action if a defendant utilizes improper means (e.g., threats, intimidation, or coercion) to interfere with an individual's civil rights.  *See* Cal. Gov't Code § 52.1.  Defendants argue the claim is insufficiently pleaded because it does not allege any conduct independent from the Constitutional violation.  *See* Mot. at 15 (citing *Shoyoye v. Cty. of Los Angeles*, 203 Cal. App. 4th 947, 961 (2012)).  Plaintiff has alleged facts sufficient to state a Bane Act claim against Aguilar.  At the pleading stage, "*Shoyoye* applies only when the conduct is unintentional."  *M.H. v. Cty. of Alameda*, 90 F. Supp. 3d 889, 898 (N.D. Cal. 2013).  Plaintiff alleges Aguilar's conduct was intentional, and *Shoyoye* therefore does not apply.

For these reasons, the Court denies Defendant Aguilar's Motion to Dismiss.

**C.   Sufficiency of Claims Against Defendants Weaver and City of Sebastopol**

Plaintiff does not respond to any of the specific arguments Defendants raise in their Motion regarding *Monell* liability or Plaintiff's state law claims.  *See* Opp'n at 10.  The Court will analyze the merits of Defendants' Motion despite Plaintiff's failure to do so.  In the future, the Court will deem a failure to substantively address an argument as an admission that the claim or argument lacks merit.

1.   <u>Weaver</u>

Plaintiff cannot state a *Monell* claim against an individual defendant.  *See Guillory v. Orange Cty.*, 731 F.2d 1379, 1382 (9th Cir. 1984) ("*Monell* does not concern liability of

individuals acting under color of state law."). *Monell* liability applies only to municipal or other local government units when employees of such entities are found to have committed other constitutional violations and "a policy, practice or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina,* 654 F.3d 892, 900 (9th Cir. 2011). As amendment of this claim against Defendant Weaver would be futile, the Court grants Defendants' Motion to Dismiss the Section 1983 *Monell* claim against Defendant Weaver with prejudice. *See Smith v. Cty. of Santa Cruz*, 2014 WL 3615492, at *11 (N.D. Cal. July 22, 2014).

Plaintiff alleges facts supporting her negligent hiring and supervision claim against Weaver (Compl. ¶¶ 44-51), but alleges absolutely no facts stating any other state law claim against that Defendant. *See* Compl. The Court accordingly dismisses with leave to amend Plaintiff's negligence, Bane Act, assault and battery, and IIED claims against Weaver; the Court denies the Motion to Dismiss Plaintiff's negligent hiring and supervision claim against Weaver.

   2.   City of Sebastopol

To be entitled to the presumption of truth, a plaintiff asserting a *Monell* claim "may not simply recite the elements of a cause of action, but must [include] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *A.E. ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2011) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)); *see also Bagley v. Sunnyvale*, 2017 WL 344998, at *16 (N.D. Cal. Jan. 24, 2017) (analyzing pleading standard for *Monell* claim). Plaintiff's formulaic recitation of the elements of a *Monell* claim against the City includes no facts "regarding the specific nature of [the] alleged 'policy, custom, or practice[.]'" *Id*. at 637; *see also Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011) (affirming dismissal where complaint "lacked any factual allegations . . . demonstrating that [the] constitutional deprivation was the result of a custom or practice [] or that the custom or practice was the 'moving force' behind [the] constitutional deprivation"). Plaintiff's bare bones, conclusory allegations are insufficient to survive a motion to dismiss. *See id.; Anakin v. Contra Costa Reg'l Med. Ctr.*, 2016 WL 2893257, at *4 (N.D. Cal. May 18, 2016) (Section 1983 plaintiff must identify "specific policies or

customs" in complaint); *Roy v. Contra Costa Cty.*, 2016 WL 54119, at *4 (N.D. Cal. Jan. 5, 2016) (plaintiffs in federal courts bear burden of "identifying specific policies" to plead *Monell* claims). Defendants' Motion to Dismiss the Section 1983 claim against the City accordingly is granted with leave to amend, provided Plaintiff can allege specific facts that identify a City policy, custom, or practice.

Plaintiff asserts five state law claims against the City: negligence, negligent hiring and supervision, Bane Act, assault and battery, and IIED. Under California law, "[e]xcept as provided by statute . . . [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov't Code § 815. To plead a state law claim against the City, Plaintiff "must therefore identify a statute specifically authorizing public entity liability as an exception to section 815." *Steinle v. City & Cty. of S.F.*, 2017 WL 67064, at *10 (N.D. Cal. Jan. 6, 2017). Plaintiff alleges the City is responsible for Aguilar and Weaver's conduct under principles of respondeat superior and pursuant to Government Code section 815.2(a). *See* Compl. ¶¶ 41, 49, 55, 61, 67. Section 815.2(a) provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee[.]" Because Plaintiff has identified a statute she contends authorizes public entity liability based on Aguilar's and/or Weaver's acts or omissions, and because the Court finds Plaintiff has stated claims against Aguilar and Weaver, the Court denies Defendants' Motion to Dismiss her state law claims against the City.

## CONCLUSION

For the reasons stated above, the Court declines to consider the footage of the incident and denies Defendants' Motion to Dismiss the claims against Officer Aguilar, the state law claims against the City of Sebastopol, and the negligent hiring and supervision claim against Chief Weaver. The Court otherwise grants Defendants' Motion to Dismiss: the *Monell* claim against the City of Sebastopol is dismissed with leave to amend; the *Monell* claim against Weaver is dismissed without leave to amend; the negligence, Bane Act, assault and battery, and IIED claims

against Weaver are dismissed with leave to amend.

Plaintiff shall file an amended Complaint no later than March 30, 2017.  Defendants shall file a responsive pleading no later than April 20, 2017.

**IT IS SO ORDERED.**

Dated: March 10, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge